FIU, Plaintiff

v.

UO SOPOAGA, ESETA HAHN, VEA, ANA and FRED HAHN, Defendants

No. 11-1907

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: Logologo near Leone]

January 14, 1910

B. R. PATRICK, Chaplain, U.S.N., *Senior Member;* J. L. DWYER, *Associate Member;* and MAUGA, *Associate Member*

## DECISION

The question at issue in this controversy is whether defendant, Eseta Hahn, possessed such absolute title to the land known as Logologo, located near Leone in the Western District, as would enable her to transfer it to her children, Vea, Ana and Fred Hahn, co-defendants.

On April 24, 1906, defendant Eseta executed a quit claim deed of this property to her children, mentioned above, and subsequent thereto plaintiff Fiu was informed that his children had no right to use the land and Eseta ordered the removal of a cookhouse of plaintiff from this land.

Fiu commenced suit at once against Eseta and the other defendants, claiming that Eseta had no such right; that he, Fiu, was the head of the family to which Eseta and her children belonged and that he held the "matai" name Vailuu which controlled the land.

Defendant Eseta contended that Fiu had parted with his right on May 25, 1901, when he signed an informal deed transferring this and other properties to Eseta and Fred Hahn, and somewhat inconsistently claimed that Fiu had no right on the land in any event inasmuch as he had, according to defendant's testimony, retired from the controlling name of Vailuu, and that the control was in one Augafa, now deceased.

Regarding the claim of defendant that Fiu had parted with his right by signing the informal deed of May 25, 1901, plaintiff claimed that he was induced so to do by the false representations made by defendants that the Government or foreigners were about to seize the land unless it were registered in the name of Fred Hahn. Plaintiff further stated that at the time this informal deed was exe-

211

cuted Eseta and Fred Hahn informed him that it was a mere matter of form and that Fiu would still retain his "pule" over the land. Defendant Eseta admitted in her testimony that she did tell Fiu that he could erect a house on the land at any time he chose.

The informal deed was never registered, but five years afterwards Eseta executed a formal quit claim deed to her children which was duly recorded in the Register of Native Titles, Vol. 1, at folio 47. This quit claim deed transferred to her children only her "right, title and interest" in and to the property.

It now devolves upon this Court to determine what right Eseta Hahn possessed in this land on the date of the execution of the quit claim deed.

It is unnecessary for the Court to determine whether or not a deception was practised upon Fiu by the defendants. Eseta admitted that Fiu's signature to the informal deed was necessary and the Court has had recourse to the Regulations of this Government to decide whether or not this informal deed was valid.

*Regulation* No. 4-1901 which became a law on May 24, 1901, provides as follows:—

"Section 5. An instrument shall be ineffectual to pass the title of any land or portion thereof . . . unless and until such instrument shall have been duly registered in the Land Records of the United States Naval Station, Tutuila."

The deed of May 25, 1901, was not registered and under the above provision of the law must be held as ineffectual to pass any title to Eseta or Fred Hahn.

Eseta's right in the land on April 24, 1906, therefore was merely that of a member of the family of which Fiu Vailuu was the head, and not such a right as would be capable of alienation by deed without the consent of Fiu Vailuu.

Let a decree therefore issue cancelling the quit claim

deed of April 24, 1906, and declaring same to be null and void.

The Court finds that Fiu is the holder of the controlling name Vailuu, and "pule" of the family lands.

Costs are assessed at $50.00 to be paid by defendants.